SUMMARY ORDER

Petitioner Bernard Lissouba, also known as Hamed Sanfo, a native and citizen of Burkina Fasso, seeks review of an August 8, 2008 order of the BIA affirming the October 17, 2007 decision of Immigration Judge Barbara A. Nelson denying his motion to rescind an in absentia removal order. In re Bernard Lissouba a.k.a. Hamed Sanfo, No. A77 721 854 (B.I.A. Aug. 8, 2008), aff'g No. A77 721 854 (Immig. Ct. N.Y. City Oct. 17, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review a motion to reopen proceedings in order to rescind an in absentia removal order for abuse of discretion. See Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir.2006). A motion to rescind a removal order entered in absentia must be filed within 180 days after the date of the order. 8 C.F.R. § 1003.23(b)(4)(ii). In order to succeed on such a motion, an alien must demonstrate that his failure to appear was the result of exceptional circumstances beyond his control. See id.
There is no dispute that Lissouba’s motion to rescind was untimely where the order was entered in December 2003 and he did not file his motion with the immi *28 gration court until September 2007, almost four years later. Accordingly, the agency did not abuse its discretion in denying Lissouba’s motion as untimely. See Alrefae, 471 F.3d at 357.
Moreover, the agency properly found that the allegedly fraudulent conduct of Lissouba’s non-attorney representative did not constitute an exceptional circumstance warranting either equitable tolling of the deadline for his motion or rescission of the in absentia removal order. Although ineffective assistance of counsel may qualify as such an exceptional circumstance, see Aris v. Mukasey, 517 F.3d 595, 599 (2d Cir.2008), Lissouba has not asserted an ineffective assistance of counsel claim. Rather, he argues that the agency should have tolled the deadline for his motion because he was a victim of fraud. He alleges that he “deliberately absented himself’ from his hearing because, after learning that the non-attorney representative who prepared his asylum application had filed it under a false identity, he believed that he would be perpetrating a fraud upon the immigration court if he appeared before the IJ. He further states that he feared that, if he showed up at his hearing, he would be “arrested on the spot” for having filed a fraudulent asylum application. Lissouba thus concedes that he chose of his own accord not to appear at his hearing because he feared that he would suffer adverse consequences if he did so. Based on these admissions by Lissouba, the agency reasonably determined that Lissouba’s failure to appear at his hearing was not the result of an exceptional circumstance beyond his control. See 8 C.F.R. § 1003.23(b)(4)(h).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).